# Western Railroad Company v. Rembert.

*Trover against Common Carrier, for Conversion of Goods sold for Non-payment of Freight.*

*Sale of goods by common carrier, for non-payment of freight and charges.* — When goods are delivered by a common carrier at their place of destination, and are not taken out of his custody by the consignee within sixty days, if they are of a perishable character (or ninety days, if not perishable), they may be advertised and sold by him, for non-payment of freight and charges, "after thirty days' notice" (Rev. Code, §§ 1884-85); and he is not required to wait until the expiration of the sixty or ninety days, as the case may be, before advertising the sale. (BRICKELL, J., dissenting.)

APPEAL from the City Court of Montgomery.
Tried before the Hon. JOHN D. CUNNINGHAM.

H. C. SEMPLE, for appellant.

ARRINGTON & GRAHAM, *contra*.

B. F. SAFFOLD, J. — The suit is trover by the appellee against the appellant, for the conversion of certain goods, in the premature sale of them by the defendant, as a common carrier, for the non-payment of the freight and the charges due thereon. The defence is, that they were sold according to law. The issue requires a construction of sections 1884 and 1885 of the Revised Code.

Section 1884, in substance, provides that, when goods are delivered at their point of destination, " and remain for the space of sixty days after the delivery of such freight, without being taken out of the care of such common carrier, the same, if it be of a perishable character, may be advertised and sold after thirty days' notice," &c. Section 1885 is as follows : " If such freight is not of a perishable character, and remains at its point of destination ninety days after its delivery, it may be advertised and sold as provided in the preceding section. Before a sale under this or the preceding section, such common carrier must, within thirty days after the delivery of the freight, or ten days prior to the sale, give notice to the owner or consignee, demanding payment of freight and charges due thereon, if they or either of them reside at such place of destination ; but, if neither of them so resides, it shall not operate to prevent the sale."

The goods in question, which were not of a perishable nature, were ready for delivery, and the plaintiffs notified of it, on the 7th of April, 1871. At the same time demand was made for payment of the charges and freight, which was not complied with. The defendants, after advertisement for sixty

days, sold the goods, on the 7th of July, 1871, and tendered the proceeds, deducting the freight and other charges, but the plaintiff refused to receive it. The court ruled, that ninety days must elapse before any steps towards effecting the sale could be taken.

The letter of the sections will admit of this interpretation. But it will also allow another, which seems to be more conformable to the purpose and spirit of the law. Freight, not of a perishable character, remaining at its point of destination ninety days after its delivery, may be advertised and sold, as provided in the preceding section. The section referred to directs that freight of a perishable character, remaining sixty days after delivery, &c., may be advertised and sold after thirty days' notice. The purpose of the law was to enable the carrier, after performing his duty of carriage, to be released from responsibility within a reasonable time, without detriment to the owner or consignee. Sixty days in the one case, and ninety in the other, was considered a sufficient time for both parties. The thirty days' notice of the sale was intended to prevent a sacrifice of the goods, and had no other reference to their retention by the carrier. As the goods ought to be taken away as soon as practicable, it is more important to the owner or consignee to know when they arrived; yet he is only allowed ten days' notice prior to the sale, which is twenty days after the advertisement has been commenced. During all the time of their retention, up to the day of sale, he may be required, under R. C. § 1886, to pay insurance effected by the carrier, besides the additional storage and incidental expenses. No advantage of time was intended to be secured to him in the period allotted to the advertisement, beyond its direct effect in benefiting the sale. Our interpretation of the sections is, that the sale may be made at any time after the sixty or ninety days, as the case may be, provided the proper thirty days' notice has been given.

The judgment is reversed, and the cause remanded.

BRICKELL, J., dissenting.